William M. P. Bowen
    vs. } No. 83851.
Elisha W. McCrillis, Adm'r.

November 22, 1930.

TANNER, J. This is an action brought by the plaintiff against the administrator of the estate of Earle McCrillis.

It appears from the testimony that the plaintiff conducted a litigation for three or four years for the said Earle McCrillis against the trustee of his father's estate to secure money due under the terms of his father's will. Toward the end of this litigation an agreement was made by the trustee to purchase the life estate of said Earle McCrillis for the sum of $20,000, which was subsequently reduced to $19,000, part of this settlement to be paid in cash and part in securities. About the time when this settlement was made, Earle McCrillis desired to know what his attorney's fee would be and it was thereupon agreed that the fee of the attorney would be $3800, which was 20% of the amount agreed upon in said settlement.

The plaintiff affirms that his agreement for fees was not purely contingent upon the collection of any sum due said Earle McCrillis, but was an absolute sum to be paid, although the plaintiff affirms that he is willing to wait for his fee until a settlement is made by the trustee with the executor of his client, Earle McCrillis. Mr. Bowen testified also that it was understood that he should get the money later when collection was made from the estate of his client's father. Mr. Bryce Armour corroborates Mr. Bowen in his testimony and states that the

$3800 was a flat rate for services and was not contingent upon the collection of money.

Several witnesses for the defendant testified that Mr. Armour told them that the plaintiff had taken the case on a contingent basis. Mr. Edgar McCrillis testified that the plaintiff told him that his fee was a 20% figure on what he would recover and he, being a lawyer, naturally supposed that it meant a contingent fee.

We are of the opinion that the agreement between the plaintiff and his client was not for a purely contingent fee. It was only agreed upon at a time when the greater part of the services had been completed and in view of a settlement which was agreed to, although not afterwards carried out; that the agreement to take the fee out of the cash which was to be paid was a method of payment rather than a payment to be made only on a contingency.

We think it is quite natural that the witnesses for the defence, owing to the somewhat peculiar nature of the arrangement between the plaintiff and his client, might place the interpretation upon it which they have done. It does not seem to us reasonable that a lawyer, after having performed most of the services in the collection of a claim — especially when a settlement was in sight and had been agreed upon —should enter upon a purely contingent basis for settlement.

The plaintiff has stated that it was understood that he should get the money later when a collection was made from the estate. The administrator for his client also states that he is willing to pay this 20% when he receives it; that collection has not yet been made from the trustee.

Under these circumstances we think that we should treat the claim as one which comes under Par. 5535 of the General Laws of Rhode Island of 1923, that plaintiff should have a judgment for $3800, judgment to be stayed until the claim of the client, Earle McCrillis, against the trustee of the estate of his father is liquidated.

For plaintiff: W. M. P. Bowen.

For defendant: John J. Cosgrove; Pettine, Godfrey & Cambio.